IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| TRAVIS O. STEPHENS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) 1:14CV588 |
| SHERIFF TERRY JOHNSON, et al., | ) ) ) |
| Defendant(s). | ) |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. Plaintiff fails to name proper defendants or state a claim for relief against the defendants that he names. Plaintiff must name persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff alleges that, while housed in the Alamance County Jail, he did not receive needed medications for AIDS/HIV. (Docket Entry 2, § V.) He also alleges that, even after he began receiving the medications, the medications were not sent with him during an eight-day transfer to the Durham County Jail. (Id.)

Plaintiff names a number of Defendants, two of which are Alamance County Sheriff Terry Johnson and one of his deputies, Brian Porcher. Plaintiff alleges no direct involvement by Johnson, but instead seeks to hold him liable due to his position of general responsibility for the Alamance County Jail. However, there is no supervisory liability under § 1983.

Plaintiff alleges that Porcher answered a grievance form complaining about the lack of medication by saying that the "medical staff can do whatever to whomever they want, the Sheriff['s] Dept. don't [sic] get involved." (Id.)  Such an allegation, even if true, does not state a claim for relief against Porcher.  His alleged answer, though perhaps blunt or insensitive, is another way of saying that the Sheriff's Department leaves medication decisions to medical professionals.  This is not a violation of Plaintiff's federal rights.

Plaintiff also names "Southern Health Partners Medical Staff," Sheila Barnes, a member of that staff, and Susan Fortner, Head Nurse of the Alamance County Sheriff's Department, as Defendants.  "Southern Health Partners Medical Staff" is a general group, not a person.  Plaintiff must name the particular person or persons on the staff who allegedly violated his rights.  Sheila Barnes is a person on that staff, but Plaintiff states no claim as to Barnes because he makes no specific allegation as to her. Finally, Plaintiff makes two allegations against Fortner, but neither is sufficient to state a claim for relief.  The first is that, near the beginning of April, 2014, he informed Fortner that his wife could no longer obtain free AIDS medication for him outside the Jail.  He did not then receive the medication from Fortner or other medical staff, but other nurses on staff informed him that Fortner had ordered the medication and it would arrive soon.  After he reported to "Nurse Christian" that he was losing his appetite and hurt all over his body, she told him that the problem with receiving his medication was that "'they' refused to pay for it."  (Id.)  Plaintiff admits that he does not know who "they" is and does not report any attempt to find out.  In any event, he received his medication not long thereafter.  Therefore, Plaintiff's allegation against Fortner is that when he told her he needed the Jail to supply his AIDS medication, she

ordered it, only to have some other unidentified person or persons refuse to pay for it for some time. This does not state any claim as to Fortner. Second, Plaintiff also alleges that he gave Fortner and others information to contact his infectious disease physician, but that she did not do so. (Id.) He does not adequately explain why such an action is constitutionally required. He states no claim for relief as to Fortner.

Overall, Plaintiff's claim is that he did not receive necessary medication for approximately forty days in April and May of 2014 because someone refused to pay for the medication. This could potentially state a claim for relief, but Plaintiff must name the responsible party or parties, not simply names other medical personnel or law enforcement officers who were not involved in that refusal. Plaintiff also claims that he did not receive his medication for eight days during his transfer to Durham. Again, he must name the person or persons responsible for this alleged deprivation. He does not do so in the current Complaint.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send

Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 24th day of July, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**